IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUSSELL WERTZ** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 24-2352** |
| | : | |
| **GOLD MEDAL ENVIRONMENTAL OF PA, INC., PARKS GARBAGE SERVICE INC.** | : : : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                         **August 28, 2024**

      Congress allows workers to join as parties in one collective action to seek back pay from their employer. The collective action provides similarly situated employees with an opportunity to voluntarily join a case without the litigation expense they would incur if they sued their employer individually. We follow a two-step process in deciding whether one employee may invite other employees into a collective action. We first ask whether similarly situated employees actually exist. We then ask whether employees who decide to join the action are in fact similarly situated.

      We today address a former waste disposal driver's attempt to ask current and former drivers who worked for the same employer from May 30, 2021 through the present to join his collective action. He must show the other drivers have sufficiently similar claims to allow us to conditionally certify a collective action subject to discovery and final certification. He may then notify them about the lawsuit and they can decide whether to join. We find he meets his low burden and require the parties work together on a schedule and proposed notice granting the co-employees sixty days to join the case.

## I. Alleged facts and adduced evidence

Gold Medal Environmental of PA Inc., and Parks Garbage Service Inc. provide waste collection and disposal services to commercial, industrial, and residential customers.[1] Russell Wertz worked as a waste disposal driver for Gold Medal and/or Parks Garbage Service from 2018 until May 2024.[2]

Mr. Wertz and the other drivers he seeks to join as collective members earned between $19.00 and $22.00 per hour to transport waste to disposal sites.[3] The drivers worked at Gold Medal's Selinsgrove, Pennsylvania and/or Sunbury, Pennsylvania facilities in the Middle District of Pennsylvania.[4] Gold Medal applied the same handbook and company policies to all of its drivers.[5] Two of its policies included automatically deducting wages for thirty-minute lunch breaks each day, although the drivers did not take lunch breaks, and calculating the drivers' overtime wages without factoring in the drivers' non-discretionary safety bonuses.[6]

## II. Analysis

Mr. Wertz claims Gold Medal and its related company Parks Garbage follow a common policy of: (1) improperly deducting wages for thirty-minute lunch breaks they know the drivers do not take; and (2) paying lower overtime wages by excluding the drivers' non-discretionary safety bonuses when determining their regular rates of pay.[7] He claims Gold Medal violated the Fair Labor Standards Act.[8] He seeks to invite other drivers subject to the same policies to join his case in a collective action of all waste disposal drivers working for Gold Medal from May 30, 2021 through the present under the Act.[9]

Gold Medal argues the Act's "similarly situated" analysis requires individualized proof and the declarations of Mr. Wertz and the other drivers rely on inadmissible hearsay.[10] It also asks us to decrease Mr. Wertz's proposed notice period from ninety to sixty days.[11]

2

Mr. Wertz makes the modest factual showing required for conditional certification. We agree with Gold Medal a sixty-day notice period is sufficient.

### A.  Mr. Wertz makes a modest factual showing of similarly situated employees.

Mr. Wertz asks us to conditionally certify a collective action of Gold Medal's waste disposal drivers. Congress allows Mr. Wertz to pursue a representative action for himself and other employees under the Fair Labor Standards Act if (1) the employees are all similarly situated; and (2) each collective member individually consents with the court to join the action.[12] Our Court of Appeals directs a two-tier approach in certifying a collective class.[13] The first step is conditional certification.[14]

Conditional certification requires a "modest factual showing," where Mr. Wertz "must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees."[15] "Relevant factors include . . . whether the [employees] (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and/or (4) have similar salaries and circumstances of employment."[16] We do not assess these factors under a preponderance of the evidence standard, as Gold Medal suggests.[17] We instead consider the factors to determine whether similarly situated employees exist.[18] We apply a lenient standard because "conditional certification is not really a certification, but is rather [an] exercise of [our] discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the [Act]."[19]

Mr. Wertz alleges he and the other employees are all subject to the same Gold Medal handbook and company policies.[20] He claims none of the drivers took lunch breaks.[21] They ate

3

their lunch in their trucks due to the length of their routes.[22] He claims Gold Medal miscalculated all of the drivers' overtime rates because it did not include their non-discretionary safety bonuses in its calculations.[23] Mr. Wertz also argues he and the other drivers are similarly situated because they share the same job description and perform the same work.[24] He alleges the drivers are hourly employees non-exempt under the Act who transport waste to disposal sites for Gold Medal's customers.[25] They earned between $19.00 and $22.00 per hour working at the company's Selinsgrove, Pennsylvania and/or Sunbury, Pennsylvania facilities.[26] All of the drivers request unpaid overtime and liquidated damages under the Act.[27]

Mr. Wertz adequately alleges the drivers perform similar jobs out of the same one or two facilities, earn similar wages, advance the same claims, and seek the same relief. We find he makes a "modest factual showing" Gold Medal's automatic wage deductions and method of calculating overtime similarly impacted all of them. A written policy ostensibly requiring the drivers to take a thirty-minute meal break, if such a policy exists, does not defeat conditional certification.[28]

Gold Medal relies on our Court of Appeals's opinion in *Ferreras v. American Airlines, Inc.* to argue the drivers' claims require an individualized analysis.[29] It urges us to assess whether each individual driver worked through his or her lunch breaks or received non-discretionary safety bonuses.[30] Its reliance on our Court of Appeals's analysis in *Ferreras* is misplaced. The *Ferreras* employees sought **class certification** under Federal Rule of Civil Procedure 23, not collective certification under the Act.[31] The Court of Appeals reversed the trial court's decision not because conditional certification requires individualized evidence but because the trial court did not apply the proper standard for class certification.[32] Our Court of Appeals required the employees to offer individualized proof under the commonality and predominance analysis of Rule 23.[33] Rule 23's class certification analysis is inapplicable here.[34]

4

Mr. Wertz meets his modest burden at this stage. We provisionally categorize the other drivers as similarly situated to Mr. Wertz for the purpose of providing notice.

### B.     Mr. Wertz produces sufficient direct evidence to support his motion.

Gold Medal also argues we should deny conditional certification because Mr. Wertz and the other drivers' declarations contain inadmissible hearsay.[35] We do not agree the contents of the declarations warrants denial.

"[T]he United States Court of Appeals for the Third Circuit has not directly addressed whether declarations containing hearsay are admissible for purposes of conditional certification."[36] "Many courts in this Circuit have determined that such declarations may be considered."[37] Gold Medal identifies a number of decisions in this Circuit denying conditional certification for the same reason. We find these decisions distinguishable or otherwise unpersuasive. In most of these cases the employee provided no evidence of similarly situated employees beyond his own hearsay statements, or the record contained factual disputes.[38] For example, in *Lin v. Lee's House Restaurant, Inc.*, the parties' affidavits contained conflicting statements about the policy itself.[39]

In its opposition brief Gold Medal neither disputes the existence of the policies which Mr. Wertz alleges are unlawful nor produces conflicting evidence. It argues Mr. Wertz's evidence of those policies is inadmissible.[40] But the drivers' declarations contain several personal knowledge statements concerning their experience with Gold Medal's policies.[41] We do not need to decide whether certain other portions of the declarations constitute inadmissible hearsay. Nor do we need to decide whether we may properly consider inadmissible hearsay in a motion for conditional certification. The drivers' statements demonstrating their personal knowledge of the policies satisfy our lenient standard at this stage.[42] Gold Medal may ask us to deny final certification if discovery reveals the drivers are not in fact similarly situated.

5

### C. The parties shall prepare a Notice with a sixty-day notice period.

Mr. Wertz offers a proposed notice and consent form for our review. He seeks ninety days for the employees to opt-in to his collective action.[43] Gold Medal does not oppose Mr. Wertz's proposed method of notice dissemination. It instead argues his proposed ninety-day notice period is unreasonable and suggests a sixty-day period is sufficient.[44] We agree "[a]n opt-in period of 60 days is sufficient time to provide putative class members with notice, while not needlessly delaying litigation."[45]

We have no basis to find Mr. Wertz will have difficulties locating or notifying the other drivers because Gold Medal knows which employees fall within the collective class and has each employee's contact information on record. Gold Medal agrees to provide this information. All of the drivers worked for Gold Medal within the approximately last three years. Mr. Wertz replies "90-day notice periods are regularly approved[,]" but only cites one case where a judge approved a ninety-day period.[46] And Judge Gibson did not specify in *Daniell v. Figure 8 Commc'ns, Inc.* why she granted the employee ninety days to notify other employees about the lawsuit.

Gold Medal does not otherwise object to Mr. Wertz's proposed notice schedule, which (1) requires it to disclose the names, addresses, email addresses, and telephone numbers of all drivers within seven days of our Order approving notice to putative collective members, (2) requires Mr. Wertz to send notice to the drivers within twenty-one days of our Order approving notice, and (3) authorizes Mr. Wertz to send a reminder letter halfway through the notice period. The new sixty-day notice period requires the parties adjust some of these proposed deadlines in their proposed notice schedule.

**III.     Conclusion**

We conditionally certify a collective action under the Fair Labor Standards Act of all waste disposal drivers working for Gold Medal Environmental of PA Inc. and/or Parks Garbage Service Inc. anywhere in the United States from May 30, 2021 through present. We order the parties to submit a joint proposed notice and consent form next week for our review and prompt dissemination to the collective.

---

[1] ECF No. 1 ¶¶ 28, 29. We refer to Gold Medal Environmental of PA Inc. and Parks Garbage Service Inc. collectively as "Gold Medal." To the extent Mr. Wertz seeks to certify a collective class of drivers anywhere in the United States, it appears only Gold Medal's parent company, Gold Medal Environmental, Inc., has a national presence. *See* ECF No. 24-1 at 1.

[2] ECF No. 1 ¶ 15; ECF No. 25 ¶ 2.

[3] ECF Nos. 24-3, 24-4, 24-5, 25 ¶¶ 4, 5.

[4] ECF No. 25 ¶¶ 2, 5.

[5] ECF No. 24-1 at 3.

[6] *Id.* at 4 –5.

[7] *Id.* at 2, 4–5.

[8] *Id.* at 2.

[9] ECF No. 24 at 1.

[10] ECF No. 27 at 5–8.

[11] *Id.* at 8–9.

[12] 29 U.S.C. § 216(b).

[13] *See Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).

[14] *Reynolds v. Turning Point Holding Co., LLC*, No. 19-1935, 2020 WL 7336932, at *8 (E.D. Pa. Dec. 14, 2020).

[15] *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011)), *rev'd on other grounds*, 569 U.S. 66 (2013).

---

[16] *Weirbach v. Cellular Connection, LLC*, 478 F. Supp. 3d 544, 548 (E.D. Pa. 2020).

[17] Gold Medal recites these factors as part of the ad-hoc analysis applied during the final certification step, which requires employees to satisfy their burden by a preponderance of the evidence. ECF No. 27 at 5–6 (quoting *Zavala*, 691 F.3d at 536–37).

[18] *See Zavala*, 691 F.3d at 536 n.4 (first alteration in original) (describing "this initial step as 'determin[ing] **whether** "similarly situated" plaintiffs do in fact exist[]'" (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010))).

[19] *Boyington v. Percheron Field Servs., LLC*, No. 14-90, 2015 WL 3756330, at *1 (W.D. Pa. June 16, 2015) (citing *Zavala*, 691 F.3d at 536).

[20] ECF No. 24-1 at 3.

[21] *Id.* at 4.

[22] *Id.*

[23] *Id.* at 5. Mr. Wertz claims this bonus policy applies to all facilities in **Pennsylvania** but argues it applies to ***all*** putative collective members. *Id.* Mr. Wertz seeks to certify a collective action of drivers anywhere in the United States. ECF No. 24 at 1. Gold Medal does not argue a Pennsylvania policy cannot apply to drivers outside of Pennsylvania. We expect this issue will arise again in attempts to certify a class under Rule 23 and/or during final collective certification.

[24] ECF No. 24-1 at 3.

[25] *Id.* at 9.

[26] ECF Nos. 24-3, 24-4, 24-5, 25 ¶¶ 2, 4, 5.

[27] ECF No. 1 ¶ 133(c).

[28] ECF No. 24-1 at 11; *see also Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-4564, 2011 WL 5082106, at *3 (D.N.J. Oct. 26, 2011) ("[A]rguments concerning actual payment of overtime hours or the existence of a written policy to do so go to the merits of a case, and are thus inapplicable at this stage of the litigation." (citing *Anyere v. Wells Fargo, Co.*, No. 09-2769, 2010 WL 1542180 (N.D. Ill. Apr. 12, 2010))).

[29] 946 F.3d 178 (3d Cir. 2019).

[30] ECF No. 27 at 6.

[31] *Ferreras*, 946 F.3d at 180.

---

[32] *Id.* at 183–84 (explaining the lower court "in effect certified the class conditionally" even though Rule 23 does not permit conditional certification).

[33] *Id.* at 185.

[34] *Id.* at 186.

[35] ECF No. 27 at 7–8.

[36] *Jordan v. Meridian Bank*, No. 17-5251, 2019 WL 1255067, at *8 (E.D. Pa. Mar. 19, 2019) (alteration in original) (quoting *Meals v. Keane Frac GP LLC*, No. 16-1674, 2017 WL 2445199, at *4 (W.D. Pa. June 6, 2017)).

[37] *Id.* at *8 (first quoting *Jones v. Alliance Inspection Mgmt., LLC*, No. 13-1662, 2014 WL 1653112, at *3 (W.D. Pa. Apr. 24, 2014); then quoting *Bredbenner v. Liberty Travel, Inc.*, No. 09-905, 2009 WL 2391279, at *2 n.1 (D.N.J. July 31, 2009)).

[38] *See Lin v. Lee's House Rest., Inc.*, No. 23-3111, 2024 WL 2392976, at *3 (E.D. Pa. May 23, 2024) (denying certification where the employee's lone affidavit was "mere hearsay" and stated the opposite of defendant's affidavit); *Reed v. Empire Auto Parts, Inc.*, No. 13-5220, 2015 WL 761894 (D.N.J. Feb. 23, 2015) (denying certification where the employee testified he did not know if other drivers took their 30 minute lunch break); *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 388 (D.N.J. 2010) (denying certification where the employee and his counsel submitted certifications based on hearsay instead of "presenting certifications or affidavits from the individuals with whom [they] spoke"); *Stanislaw v. Erie Indem. Co.*, No. 07-1078, 2009 WL 426641, at *2 (W.D. Pa. Feb. 20, 2009) (denying certification where the employee's only evidence was his own affidavit and he "offer[ed] no first-hand evidence from any other employee alleging in their own words that these practices were regularly applied").

[39] *Lin*, 2024 WL 2392976, at *3 ("[W]hile Plaintiff's affidavit indicates that each of these types of workers – regardless of category – were paid flat monthly rates . . . Defendants' affidavit states precisely the opposite.").

[40] ECF No. 27 at 7–8.

[41] *See* ECF Nos. 24-3, 24-4, 24-5, 25 ¶¶ 8, 9, 12, 13, 14, 15.

[42] Gold Medal also cites to *Dreyer v. Altchem Env't Servs., Inc.*, No. 06-2393, 2007 WL 7186177, at *4 (D.N.J. Sept. 25, 2007), where Judge Kugler denied conditional certification in part because the employee affidavits the plaintiff submitted were "bereft of detail[.]" We are not persuaded; we reviewed details from personal knowledge and the Act enables us to later "reconsider the conditional class certification."*Stanislaw*, 2009 WL 426641, at *1.

[43] ECF No. 24-10. "Once a court grants conditional certification, the court has the discretionary authority to oversee and facilitate the notice process." *Reynolds*, 2020 WL 7336932, at *9.

[44] ECF No. 27 at 9.

---

[45] *Greene v. Cnty. of Essex*, No. 23-572, 2023 WL 4526029, at *4 (D.N.J. July 13, 2023) (first citing *Hagans v. Nat'l Mentor Healthcare, Inc.*, No. 22-128, 2023 WL 2554159, at *6 (D.N.J. Mar. 17, 2023); then citing *Sanchez v. Santander Bank, N.A.*, No. 17-5775, 2019 WL 6050738, at *4 (D.N.J. Nov. 15, 2019)).

[46] ECF No. 28 at 4–5 (citing *Daniell v. Figure 8 Commc'ns, Inc.*, No. 20-125, 2021 WL 5312225, at *3 (W.D. Pa. Oct. 1, 2021)).