### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| **RUSSELL WERTZ,**<br>**Individually and on behalf of all others**<br>**similarly situated,**<br><br>                    **Plaintiff,**<br><br>        v.<br><br>**GOLD MEDAL ENVIRONMENTAL OF**<br>**PA INC., and PARKS GARBAGE**<br>**SERVICE INC.,**<br><br>                    **Defendants.** | **Case No. 2:24-cv-02352-MA**<br><br> **Hon. Mark A. Kearney**<br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO**<br>**FED.  R. CIV. P. 23** |

## FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff files this Amended Complaint pursuant to the Court's Order of August 27, 2024. ECF No. 29. Plaintiff—Russell Wertz—brings this action individually and on behalf of all current and former hourly Drivers (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Gold Medal Environmental of PA Inc. ("GME") and Parks Garbage Service Inc. ("PGS") (collectively "Defendants")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101–333.115; 34 Pa. Code § 231.1–231.114.

# I.
# OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA and class action pursuant to the state laws of Pennsylvania under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants at any time during the relevant time periods through the final disposition of this matter, who have not been paid for all hours worked nor the correct amount of wages, including overtime, in violation of state and federal law.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.      During the relevant time period(s), Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.      Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed

compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7.     Defendants also paid (and continue to pay) the Plaintiff and the Putative Collective/Class Members non-discretionary safety bonuses, but failed (and continues to fail) to include the bonuses in the Plaintiff and the Putative Collective/Class Members' regular rates of pay for purposes of calculating and paying the correct rate of overtime compensation.

8.     The effect of Defendants' practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Defendants failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and failed to properly calculate Plaintiff and the Putative Collective/Class Members' straight time and overtime under the FLSA and applicable state law.

9.     Defendants also failed to provide accurate wage statements as they did not include the hours Plaintiff and the Putative Collective/Class Members spent working off-the-clock and do not accurately state the regular rate and overtime rate for the Plaintiff and the Putative Collective/Class Members.

10.     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

11.     Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

12.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid compensation and other damages owed under the state laws of Pennsylvania as a class action pursuant to FED. R. CIV. P. 23.

13.     Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

14.     Plaintiff also prays that the Rule 23 classes are certified as defined herein, with Plaintiff Wertz named as the Class Representative.

## II.
## THE PARTIES

15.     Plaintiff—Russell Wertz ("Wertz")—was employed by Defendants in Pennsylvania during the relevant time period(s). Plaintiff Wertz did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

16.     The FLSA Collective Members are those current and former hourly Drivers who were employed by Defendants at any time from May 30, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wertz worked and was paid.

17.     The Pennsylvania Class Members are those current and former current and former hourly Drivers who were employed by Defendants in the State of Pennsylvania at any time from May 30, 2021, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wertz worked and was paid.

18.     Defendant Gold Medal Environmental of PA Inc. is a domestic for-profit corporation, that is licensed to do business in the State of Pennsylvania. Defendant GME's current corporate office is located at 13 Pattison Avenue, Philadelphia, Pennsylvania 19148.[2]

---

[1] The written consent of Russell Wertz is on file with this Court. ECF No. 1-1.

[2] *See* Article of Amendment (Ex. 1); and Change of Registered Office (Ex. 2).

19.     Defendant Parks Garbage Service Inc. is a domestic for-profit corporation, that is licensed to do business in the State of Pennsylvania.

20.     Defendants are joint employers pursuant to the FLSA. They have common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

21.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

22.     This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

23.     Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

24.     This Court has general personal jurisdiction over the Defendants because their corporate headquarters are located in Philadelphia, Pennsylvania.

25.     This Court has specific personal jurisdiction over Defendants because the actions and omissions giving rise to Plaintiff's claims occurred in Pennsylvania.

26.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(1), which provides for proper venue in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. Both Defendants are deemed to be residents of Pennsylvania under § 1391(a)(1), both having been organized under the laws of the Commonwealth of Pennsylvania. Pennsylvania also qualifies as the home state of both Defendants, and Defendants are subject to personal jurisdiction in

the judicial districts of Pennsylvania, including this District. Under 28 U.S.C. § 1391(c)(1), both Defendants are entities with the capacity to sue and be sued in their common names under applicable law, and they are both deemed to reside for venue purposes in any judicial district in which they are subject to the court's personal jurisdiction, which includes the Eastern District of Pennsylvania.

27.    Specifically, Defendant GME's corporate office is located in Philadelphia. *See* Ex. 2.

28.    This District is also deemed to be a proper and convenient venue for this action because both Defendants answered the Original Complaint without raising the issue of improper improper venue under FED R. CIV. P. 12

## IV.
## BACKGROUND FACTS

29.    Defendant GME is a full-service solid waste company providing waste collection, recycling, and disposal services to commercial, industrial, and residential customers throughout the United States.[3]

30.    Defendant PGS is a wholly owned subsidiary of Defendant GME and is also in the business of providing waste collection and disposal services to commercial, industrial, and residential customers.

### Defendants Are Joint Employers Under the FLSA

31.    Defendants are joint employers pursuant to the FLSA.

32.    Defendants are integrated companies that share customers, properties, employees, and all other assets.

33.    Defendant GME is the ultimate legal parent of Defendant PGS.

34.    Defendant GME has the power to hire and fire any and all of PGS's employees.

---

[3] https://www.goldmedal.net/about-us/about-our-services/

35.     Defendant GME supervises and controls all of Defendant PGS's employees' work schedules and conditions of employment.

36.     Defendant GME determines the rate and method of payment for all employees working under PGS.

37.     On information and belief, Defendant GME made the decision for its subsidiaries and affiliates—including but not limited to Defendant PGS—to pay production bonuses to the Plaintiff and Putative Collective/Class Members and to not include them in their regular rate of pay for purposes of calculating their correct overtime rates.

38.     Defendant GME maintains employment records for the direct employees of Defendant PGS.

39.     Specifically, GME controls the HR Department which maintains all the employment records for all of PGS's employees.

40.     Defendant GME manages key internal relationships to Defendants—that is, Defendant GME directs the financials of all of its subsidiaries including but not limited to PGS and controls the pay, hours and schedules of Plaintiff and the Putative Collective/Class Members.

41.     Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Collective/Class Members; supervise and control Plaintiff and the Putative Collective/Class Members' work schedules and conditions of their employment; determine their rate and method of payment, and jointly maintain their employment records.

42.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA with respect to the entire employment for the workweeks at issue in this case.

**Plaintiff and the Putative Collective Members are Similarly Situated**

43.     To provide its services, Defendants employed (and continues to employ) numerous non-exempt Drivers—including Plaintiff and the individuals that make up the putative collective and classes.

44.     Plaintiff and the Putative Collective/Class Members were employed by Defendants as non-exempt Drivers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

45.     Plaintiff and the Putative Collective/Class Members were responsible for the collection, transportation, and disposal of residential and commercial waste on behalf of Defendants' customers.

46.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

47.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

48.     Plaintiff Wertz was employed by Defendants as a Driver in the state of Pennsylvania from approximately 2018 until May 2024.

49.     During their employment with Defendants, Plaintiff and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day.

50.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Defendant resulting in the complained of FLSA and state law violations.

51.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is, they all collected, transported, and disposed of residential and commercial waste on behalf of Defendants' customers.

52.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis, receive non-discretionary bonuses, and Defendants automatically deduct thirty (30) minutes for a meal period each workday.

53.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to Defendants' policies (and practices) resulting in the complained of FLSA and state law violations.

**Unpaid Meal Breaks**

54.     Defendants have a policy wherein they automatically deduct one 30-minute meal period from Plaintiffs and the Putative Collective/Class Members' daily time.

55.     Defendants' automatic thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and applicable state law.

56.     Defendants were (and continue to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and relevant state law.

57.     Defendants knew Plaintiff and the Putative Collective/Class Members did not take a meal break because they did not indicate that they took one in the route sheet they provided to Defendants each day.

58.     Defendants also knew Plaintiff and the Putative Collective/Class Members did not take breaks because the Plaintiff and the Putative Collective/Class Members informed their supervisors that they regularly did not take a meal break.

59.     Defendants also engaged in continuous monitoring of Plaintiff and the Putative Collective/Class Members vehicles—both through GPS tracking of their vehicles and video surveillance of the interior cabins of the vehicles—and therefore had actual knowledge that Plaintiff and the Putative Class/Collective Members were not taking their 30-minute meal period breaks.

60.     As a result of Defendants' failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off the clock," such as during their unpaid meal break, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and applicable state law.

**Defendants Failed to Include Non-Discretionary Bonuses in the Regular Rate**

61.     Defendants also paid out non-discretionary bonuses based on safety metrics but failed to include these bonuses in the Plaintiff and Putative Collective/Class Members' regular rates of pay.

62.     The non-discretionary bonuses paid to Plaintiff and the Putative Collective/Class Members were meant to encourage and motivate them to work carefully.

63.     The non-discretionary bonuses were based upon pre-determined criteria established by Defendants.

64.     When Plaintiff and the Putative Collective/Class Members met the criteria, they were entitled to receive these non-discretionary bonuses.

65.     Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiff and the Putative Collective/Class Member's regular rates of pay before any and all overtime multipliers were applied.

66.     Defendants knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

67.     Defendants' actions therefore constitute willful violations under the law and were not made in good faith.

68.     Defendants' failure to compensate Plaintiffs and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

69.     Defendants knew or should have known that it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and relevant state law.

70.     Defendants knew or should have known that their failure to pay the correct amount of straight time and overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

71.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

72.     Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Defendants' pay policies and practices violated (and continue to violate) applicable state laws.

73.     Because Defendants did not pay the Plaintiff and the Putative Collective/Class Members for all hours worked, and failed to include non-discretionary bonuses in the calculation of overtime, Defendant failed to provide accurate wage statements as required by the PMWA. Specifically, Plaintiff and the Putative Collective/Class Members wage statements did not show all hours worked and used the incorrect rate of overtime pay.

74.     Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to applicable state law.

**V.**
**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Collective Action Alleging FLSA Violations)**

**A.      FLSA COVERAGE**

75.     The preceding paragraphs are incorporated as though fully set forth herein.

76.     The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WORKED FOR GOLD MEDAL ENVIRONMENTAL OF PA INC., AND PARKS GARBAGE SERVICE INC., AT ANY TIME FROM MAY 30, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

77.     At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

78.     At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

79.     At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

80.     Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

81.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce (as described above) for purposes of the FLSA.

82.     In performing work for Defendants, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

83.     Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Defendants' customers and employees throughout the United States. 29 U.S.C. § 203(j).

84.     The proposed classes of similarly situated employees—that is, the FLSA collectives sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 76.

85.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

86.     Defendants violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

87.     Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

88.     Defendants knew or should have known their pay practices were in violation of the FLSA.

89.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

90.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

91.     The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable or in good faith.

92.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

93.     All previous paragraphs are incorporated as though fully set forth herein.

94.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

95.     Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

96.     The FLSA Collectives are defined in Paragraph 76.

97.     Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

98.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

99.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

100.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

101.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

102.    Absent a collective action, many members of the proposed FLSA collectives will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

103.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

104.    Accordingly, notice of the action should be promptly sent to the FLSA collectives of similarly situated plaintiffs as in Paragraph 76.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the PMWA)**

**A.     PMWA COVERAGE**

105.    All previous paragraphs are incorporated as though fully set forth herein.

106.    The Pennsylvania Class is defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WERE EMPLOYED BY GOLD MEDAL ENVIRONMENTAL OF PA INC. AND PARKS GARBAGE SERVICE, INC., IN THE STATE OF PENNSYLVANIA, AT ANY TIME FROM MAY 30, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("PMWA Class Members").**

107. At all material times, Defendants have each been an "employer" as defined by the PMWA. *See* 43 P.S. § 333.103(g).

108. At all material times, Plaintiff Wertz and the PMWA Class Members were Defendants' "employees" as defined within the PMWA. *See* 43 P.S. § 333.103(f).

109. Defendants—the "employer"—is not exempt from paying wages and overtime benefits under the PMWA.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

110. All previous paragraphs are incorporated as though fully set forth herein.

111. During the course of their employment, Defendants agreed to pay Wertz and each PMWA Class Member an hourly rate of pay.

112. Wertz and each PMWA Class Member accepted Defendants' offer.

113. Wertz and the PMWA Class Members' agreed hourly pay rates are therefore "wages" within the meaning of the PMWA. *See* 43 P.S. § 333.103(d).

114. The PMWA also requires employers, like Defendants, to pay employees, including Plaintiff Wertz and the PMWA Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. *See* 43 P.S. § 333.104(c).

115. Defendants violated, and continue to violate, the PMWA by failing to pay Plaintiff Wertz and the PMWA Class Members all straight-time hours worked at the agreed hourly rate and all overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including all off-the-clock hours worked by Plaintiff Wertz and the PMWA Class Members during their unpaid meal breaks. *See* 43 P.S. § 333.104(c).

116.     In violating the PMWA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Pennsylvania law.

117.     As a direct and proximate result of Defendants' willful conduct, Plaintiff Wertz and the PMWA Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including liquidated damages, and reasonable attorneys' fees pursuant to the PMWA. *See* 43 P.S. § 333.113.

118.      Defendants are in possession and control of necessary documents and information from which Plaintiff Wertz would be able to precisely calculate damages.

119.     The proposed class of putative class members sought to be certified pursuant to the PMWA is defined in Paragraph 106.

120.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

C.     PMWA CLASS ALLEGATIONS

121.     Plaintiff Wertz and the PMWA Class Members bring their PMWA claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Defendants to work in Pennsylvania since May 30, 2021.

122.     Class action treatment of Plaintiff Wertz and the PMWA Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

123.     The number of PMWA Class Members is so numerous that joinder of all class members is impracticable.

124.     Plaintiff Wertz's PMWA state-law claims share common questions of law and fact with the claims of the PMWA Class Members.

125.     Plaintiff Wertz is a member of the PMWA Class, his claims are typical of the claims of other PMWA Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other PMWA Class Members.

126.     Plaintiff Wertz and his counsel will fairly and adequately represent the PMWA Class Members and their interests.

127.     Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the PMWA Class should be certified as defined in Paragraph 106.

**THIRD CAUSE OF ACTION**
**(Alleging Wage Statement Violations of the PMWA)**

**A.     FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN ACCORDANCE WITH THE PMWA**

128.     All previous paragraphs are incorporated as though fully set forth herein.

129.     The PMWA requires that "[e]very employer shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages." 34 Pa. Code § 231.36.

130.     Defendants violated the PMWA by furnishing incomplete and inaccurate wage and hour statements that failed to provide the correct number of hours worked, and the actual or effective hourly rate paid (including the correct rate of overtime compensation), gross wages and net wages (as a result of excluding the hours he worked off the clock and associated earned wages).

131.     The PMWA also requires employers to keep, for each employee, true and accurate records of hours worked by and wages paid to each of its employees. 43 P.S. § 333.108. This requires the employer to keep true and accurate records of, among other things, the number of hours worked daily and weekly; the total daily or weekly straight time and overtime wages due for hours worked

during the workweek; and the total wages paid each pay period. 34 Pa. Code § 231.31.

132.    Defendants did not keep such true and accurate records as to Plaintiff and the PMWA Class Members who received bonuses or who worked off the clock in violation of the PMWA.

133.    As direct and proximate result of Defendants' violation of the PMWA, Plaintiff and the PMWA Class Members are entitled to their unpaid wages, together with reasonable attorney's fees and costs, and any other relief deemed appropriate and just.

## VI.
## RELIEF SOUGHT

134.    Plaintiff respectfully prays for judgment against Defendants as follows:

a.    For an Order certifying the FLSA Collective as defined in ¶ 76;

b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.    For an Order certifying the Pennsylvania Class as defined in ¶ 106, and designating Plaintiff Wertz as Representative of the Pennsylvania Class;

e.    For an Order pursuant to the Pennsylvania state law awarding Plaintiff Wertz and the Pennsylvania Class Members damages for unpaid wages and all other damages allowed by law;

f.    For an Order awarding the costs of this action;

g.    For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiff Wertz a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense (should discovery prove inadequate); and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   September 3, 2024                    Respectfully submitted,

                                              **LAW OFFICE OF ADAM S. LEVY, LLC**

                    By:      /s/ *Adam S. Levy*
                                        **Adam S. Levy**
                                        **PA Attorney No. 66866**
                                        adamslevy@comcast.net
                                        P.O. Box 88
                                        Oreland, Pennsylvania 19075
                                        Telephone: (267) 994-6952

                                        **ANDERSON ALEXANDER, PLLC**

                    By:      /s/ *Clif Alexander*
                                        **Clif Alexander** (admitted *pro hac vice*)
                                        Texas Bar No. 24064805
                                        clif@a2xlaw.com
                                        **Austin Anderson** (admitted *pro hac vice*)
                                        Texas Bar No. 24045189
                                        austin@a2xlaw.com
                                        **Carter T. Hastings** (admitted *pro hac vice*)
                                        Texas Bar No. 24101879
                                        carter@a2xlaw.com
                                        **ANDERSON ALEXANDER, PLLC**
                                        101 N. Shoreline Blvd, Suite 610
                                        Corpus Christi, Texas 78401
                                        Telephone: (361) 452-1279
                                        Facsimile: (361) 452-1284

                                        ***Attorneys in Charge for Plaintiff and Putative Collective/Class Members***

---

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander