UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL WERTZ, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOLD MEDAL ENVIRONMENTAL OF PA INC., and PARKS GARBAGE SERVICE INC.,<br><br>Defendants. | Case No. 2:24-cv-02352-MAK<br><br>Hon. Mark A. Kearney<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**JOINT MEMORANDUM ON AMENDED SETTLEMENT AGREEMENT**

**TO THE HONORABLE COURT**:

Pursuant to this Court's October 17, 2024, Order (ECF. 45), Plaintiff Russell Wertz, individually and on behalf of all Putative Collective Members, and Defendants Gold Medal Environmental of PA, Inc., and Parks Garbage Service, Inc. (collectively the "Parties") file this Joint Memorandum to inform the Court of the Parties decision to revise the Settlement and Release Agreement in order to address the Court's concerns with respect to the proposed confidentiality restrictions.[1]

More specifically, this Honorable Court was concerned with two provisions drafted in the Settlement Agreement: § 2.10.1 and § 2.11.20. The Parties have agreed to eliminate both provisions for purposes of the Amended Settlement Agreement. Further, the Parties agreed to

---

[1] The Parties' Amended Settlement and Release Agreement is attached as Exhibit A with a "redlined" agreement identifying the changes between the amended and original agreements attached as Exhibit B.

1

incorporate the following provision regarding confidentiality that they believe accomplishes their respective goals, while at the same time being careful not to "frustrate the purpose of the FLSA."

      2.10.1      Prior to the filing of an initial motion for approval with the Court, the Parties agree not to disclose the terms of this settlement except in court papers filed to seek approval, except for any disclosures agreed to by the Parties and as necessary to effectuate the Settlement. Before or after approval, Named Plaintiff, the Settlement Collective, and Collective Counsel shall not issue a press release, hold a press conference, publish information about the settlement on any website or otherwise publicize the settlement. However, nothing about this paragraph shall restrict Collective Counsel from citing to or referencing this settlement in court filings, as necessary, including for purposes of seeking approval of the settlement. Named Plaintiff, the Settlement Collective, and Collective Counsel agree not to respond to any media inquiries except to refer reporters to the papers filed with the court. Nothing in this provision will affect the ability of Collective Counsel to carry out their duties consistent with and as required by any other provision in this Agreement or by the Court or affect Collective Counsel's attorney-client communications.

The Parties specifically chose the above language after careful consideration and research into permissible confidentiality provisions contained within FLSA settlement agreements. More specifically, the Parties identified a case where this Honorable Court explained that a confidentiality provision limited to prohibiting statements to the press would not frustrate the purpose of the FLSA. See Starnes v. Amazon.Com, Inc., 2023 U.S. Dist. LEXIS 79515, *34 (E.D. Pa. 2023) (denied motion for settlement on other grounds).

The above language was taken directly from the settlement agreement set forth in the Starnes case, which this Court found permissible.

As a result, the Parties respectfully request that this Honorable Court enter the Proposed Order, attached hereto as Exhibit C, which (i) grants the Parties Joint Motion for Approval of FLSA Settlement (ECF. 43); (ii) approves the Parties' Amended Settlement Agreement and Release ("Amended Settlement Agreement"); and (iii) dismisses this action with prejudice and without further costs or fees to any party.

Respectfully submitted,

**LAW OFFICE OF ADAM S. LEVY, LLC**

By: /s/ *Adam S. Levy*
**Adam S. Levy**
**PA Attorney No. 66866**
adamslevy@comcast.net
P.O. Box 88
Oreland, Pennsylvania 19075
Telephone: (267) 994-6952


**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** (admitted *pro hac vice*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** (admitted *pro hac vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
**Carter T. Hastings** (admitted *pro hac vice*)
Texas Bar No. 24101879
carter@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and Putative Collective/Class Members*

**MARGOLIS EDELSTEIN**

By:   /s/ *Meghan Wynkoop*
      **Meghan Wynkoop**

*Attorneys in Defendants Gold Medal Environmental of PA, Inc. and Parks Garbage Service, Inc.*

DATE: October 24, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Pennsylvania, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Meghan Wynkoop*
Meghan Wynkoop
