IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RUSSELL WERTZ | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | NO. 24-2352 |
| | : | |
| GOLD MEDAL ENVIRONMENTAL OF PA, INC., PARKS GARBAGE SERVICE INC. | : : : | |

# JUDGMENT ORDER

**AND NOW**, this 25th day of October 2024, upon considering the parties' Joint Motion for approval of a settlement of Plaintiff's Fair Labor Standards Act claim and dismissing all other claims with prejudice (ECF 43), our August 28, 2024 Order conditionally certifying a collective action under the Fair Labor Standards Act (ECF 31), following extensive mediation with wage and hour mediator Dennis Clifford, having found the Settlement and Release Agreement (ECF 43-3) setting a maximum settlement amount of $575,000 represents a voluntary, fair, and reasonable settlement of a *bona fide* dispute between the parties under the Fair Labor Standards Act including payment of reasonable attorney's fees to Plaintiff's counsel with necessary and limited costs and the settlement agreement otherwise furthers the Act's implementation in the workplace without the unenforceable restrictions on Plaintiff's ability to disclose his publicly filed claims, studying the parties' Response (ECF 46) to our October 17, 2024 Order (ECF 45) addressing their agreed confidentiality obligations, considering Plaintiff's counsels' Declarations (ECF 43-4, 44), and for good cause, it is **ORDERED** we **GRANT** the parties' Joint Motion (ECF 43, 46) for approval of the Amended Settlement and Release Agreement (ECF 46-1) under the Fair Labor Standards Act, dismiss all other claims with prejudice, enter **JUDGMENT** consistent with the parties' agreement, **DISMISS** this case under Local Rule 41.1, and, **DIRECT** the Clerk of Court shall **close** this case, upon finding:

1. The settlement is a fair and reasonable settlement of a *bona fide* dispute after the parties represented by experienced counsel submitted their dispute to mediation;

2. The notice procedures fairly apprise the Collective of the claims and settlement and is approved;

3. ILYM Group, Inc. may serve as Claims Administrator consistent with the parties' agreed obligations;

4. A maximum settlement amount of $575,000 shall be characterized as back pay wages and liquidated damages, allocated fifty percent to each, and inclusive of: (a) an enhancement award of $2,500.00 to Plaintiff; (b) payment of attorney's fees and costs of $205,000.00, representing 35.6% of the total maximum settlement amount;[1] and (c) settlement administration costs not to exceed $10,000 including all necessary tax reporting; and,

5. The settlement is fair and reasonable under the factors defined by our Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975).[2]

                                                                                            _____
                                                                                           **KEARNEY, J.**

---

[1] Plaintiff's counsel requests 34.3% of the maximum settlement amount as attorney's fees with the remainder to go to litigation costs. The payment of $205,000.00 in attorney's fees and costs is fair and reasonable following our review of counsels' sworn statements and under the factors defined by our Court of Appeals in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190 (3d Cir. 2000): (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. *Id.* at 195 n.1.

We first consider the size of the fund created and the number of persons benefitted. The settlement totals $575,000 with an estimated net settlement of $375,500 to be distributed among Mr. Wertz and the Collective Members of no more than 415 people. The settlement will compensate Collective Members allocated on a pro rata share of the net settlement based on number of weeks worked during the relevant time period. This factor supports approval of attorney's fees. The

second factor does not apply in collective actions. The third factor considers the skill and efficiency of the attorneys involved. Plaintiff's counsel Austin Anderson and Clif Alexander represented to us they have practiced since 2016 representing hundreds of thousands of employees in collective and class wage-and-hour litigations throughout the United States, including actions under the Fair Labor Standards Act and state wage laws. Local counsel Adam Levy is an experienced litigator with over thirty year's civil litigation experience with a practice primarily concentrated in complex, class, collective, and other representative actions. This factor supports approval of attorney's fees. The fourth factor considers the complexity and duration of the litigation. This case began as collective and class action wage claims in May 2024. We entered a two-phase scheduling order, counsel promptly moved for conditional certification opposed by Defendants. Counsel agreed to private mediation and resolved the case while discovery and trial obligations remained in place under our Orders. This factor supports approval. The fifth factor considers the risk of nonpayment. Plaintiff's counsel worked on a contingent fee basis making the risk of nonpayment of their fees a higher risk and weighs in favor of approval of their fees. The sixth and seventh factors consider the amount of time devoted to the case by Plaintiff's counsel and awards in similar cases. Plaintiff's counsel in total invested approximately 276 hours in the case to reach settlement. Counsel anticipates expending an additional twenty hours assisting Collective Members through the claims administration process. Counsel's requested 34% of the $575,000 maximum settlement amount is in line with approval of fees equal to one-third of the settlement fund. *See Kelly v. J&J Serv. Sols., LLC*, No. 23-2854, 2024 WL 3889088, *5 (E.D. Pa. Aug. 20, 2024) (approving a 32% attorney's fees from a $505,000 settlement of an FLSA collective action) (collecting cases). The sixth and seventh factors support approval of attorney's fees. We conclude the attorney's fees requested are reasonable.

[2] We apply a nine-factor test outlined by our Court of Appeals in *Girsh* to evaluate the fairness and reasonableness of the settlement: (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh*, 521 F.2d at 156-57. The first factor supports settlement because this matter is complex and, absent settlement, could have continued through dispositive motion practice and a five-day jury trial in April 2025 under our Scheduling Order. The second factor does not apply to a collective action. The third factor supports settlement because Plaintiff served a full set of written discovery and document requests before mediation and the parties exchanged information relating to timekeeping and payroll records allowing both sides to assess the value of the claims and risks associated with going to trial. The fourth, fifth, and sixth factors support settlement. The risks of establishing liability and damages and maintain collective certification weigh in favor of the reasonable settlement. Although we conditionally certified a collective action, the parties advise Defendants will seek to decertify the collective action absent settlement. If the matter went to trial, Defendants would contest liability, the award of liquidated damages and willful violation of the FLSA. Settlement removes these risks to the Collective. The seventh factor considers the Defendants' ability to withstand a greater judgment. The parties did not provide us an assessment of this factor, so it is neutral in our consideration of the totality of the *Girsh* factors. The eighth and ninth factors support settlement

for all the reasons already highlighted. As a benchmark, Plaintiff's counsel advises the application of a flat average results in each Collective Member would receive approximately $860 in damages balanced against counsel's admitted difficulty in proving the FLSA claims. We conclude the settlement to be fair and reasonable after applying the *Girsh* factors.